1

2

3

4

5

6

7

8

9

10

11

12

13

14                IN THE UNITED STATES DISTRICT COURT

15                 FOR THE DISTRICT OF OREGON

16   SYD A. HASAN,                    Civil No. 09-362-AA
                                       OPINION AND ORDER

17         Plaintiff,

18      vs.

19   MICHAEL J. ASTRUE,
    Commissioner of Social Security,

20
        Defendant.

21   _____

22   Karen Stolzberg
    Attorney At Law

23   11830 SW Kerr Parkway, #315
    Lake Oswego, Oregon 97035

24        Attorney for plaintiff

25   Dwight Holton
    United States Attorney

26   District of Oregon
    Adrian L. Brown

27   Assistant United States Attorney
    1000 S.W. Third Avenue

28   Portland, Oregon 97204-2902

   1   - OPINION AND ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Chief Judge:

Claimant, Syd Hasan, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act.  For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

On April 21, 2006, Administrative Law Judge (ALJ) Charles S. Evans found plaintiff not disabled and denied his petition for disability benefits.  Tr. 14-28.  Plaintiff appealed to the Appeals Council which issued a denial on November 29, 2006.  Tr. 507.  Plaintiff then appealed to the United States District Court for the District of Oregon.  On May 31, 2008, Judge Hogan issued an order remanding the matter to the ALJ to make findings regarding materiality.  Specifically, Judge Hogan found that the evidence established that plaintiff was disabled, but there remained a question as to whether drug and/or alcohol abuse was material to plaintiff's disability.

Following remand, on September 24, 2008, a second hearing was held before ALJ Evans.  In accord with Judge Hogan's Order, the ALJ asked Dr. Larry Hart, Ph.D, psychologist, to testify regarding the role that alcohol and/or drugs played, if any, in

2    - OPINION AND ORDER

1  plaintiff's disability.   Dr. Hart testified that there was no
2  evidence that drug and/or alcohol abuse was material to
3  plaintiff's disability.

4      In accord with Judge Hogan's remand, the ALJ found that
5  plaintiff's use of marijuana and/or alcohol was not a severe
6  impairment and was not material to disability.   Nevertheless, on
7  February 4, 2009, the ALJ issued a second decision denying
8  plaintiff's petition for benefits and finding plaintiff not
9  disabled.   Plaintiff has once again appealed that decision to
10 this court.

## STATEMENT OF THE FACTS

12     The defendant stipulates to plaintiff's recitation of the
13 relevant facts as found in Plaintiff's Statement of Facts (Pl's
14 Brief, p. 4-7).

## STANDARD OF REVIEW

16     This court must affirm the Secretary's decision if it is
17 based on proper legal standards and the findings are supported by
18 substantial evidence in the record.   Hammock v. Bowen, 879 F.2d
19 498, 501 (9th Cir. 1989).   Substantial evidence is "more than a
20 mere scintilla.   It means such relevant evidence as a reasonable
21 mind might accept as adequate to support a conclusion."
22 Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting
23 Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
24 The court must weigh "both the evidence that supports and
25 detracts from the Secretary's conclusion." Martinez v. Heckler,
26 807 F.2d 771, 772 (9th Cir. 1986).

27     The initial burden of proof rests upon the claimant to
28 establish disability.   Howard v. Heckler, 782 F.2d 1484, 1486

3   - OPINION AND ORDER

(9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not

4  - OPINION AND ORDER

disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### 1. The ALJ's Findings

Judge Hogan initially issued an Order finding in relevant part, the following:

1. The ALJ failed to give legally sufficient reasons for rejecting the opinion of treating psychiatrist Farley, and he erred in relying on the opinion of consultative evaluator Dr. Cheryl Brischetto, Ph.D. If Dr. Farley's opinion were credited as true, it established that plaintiff was disabled under the "C" criteria of Listing 12.04 (disability based upon "Affective Disorders"). Tr. 408, 415-417.

2. There was no evidence in the record that plaintiff was malingering, and the ALJ failed to provide "clear and convincing" reasons for finding plaintiff not credible. Tr. 412.

3. The ALJ erred in failing to defer to plaintiff's wife lay statement. Tr. 415.

4. The evidence established that plaintiff was disabled, however, there remained a question of whether drug and/or alcohol abuse was material to plaintiff's disability. Tr. 408-09.

After remand, and pursuant to Judge Hogan's Order, the ALJ credited as true Dr. Farley's opinion and agreed the only issue

5    - OPINION AND ORDER

remaining for the hearing was whether alcohol and/or drug abuse was "material." In his decision the ALJ found:

> In the previous decision in this case, I found that the claimant's allegations regarding his symptoms and limitations were not fully credible for several reasons[.] The District Court discredited each of those reasons. It concluded that they were not a sufficient basis for rejecting the claimant's allegations and the opinion of Dr. James Farley, the claimant's treating psychiatrist.

> As explained above, I now find that the claimant's marijuana use [is] not material to the determination of disability. However, I find that reasons (1) through (5) listed above still erode the claimant's credibility.

Tr. 384-91.

As noted above, in accord with Judge Hogan's remand Order, the ALJ found that plaintiff's use of marijuana and/or alcohol was not a severe impairment and was not material to disability. In direct contravention, however, to Judge Hogan's Order, the ALJ again found plaintiff not disabled by relying on previously rejected rationales. Tr. 387-88.

The defendant concedes that the ALJ erred, although, moves to remand this case for additional proceedings. Specifically, the defendant argues that the ALJ should be afforded another opportunity to review plaintiff's part-time work. I disagree. There is no dispute that ALJ Evans was fully aware of plaintiff's part-time work over the years that this case has been pending. Plaintiff testified about his work at K-Mart during the first hearing. Tr. 339-42. Plaintiff further testified about the work he was doing in 2008 at the second hearing. Tr. 473-75. In the ALJ's decision finding plaintiff not disabled, the ALJ specifically found that plaintiff had not engaged in substantial

6    - OPINION AND ORDER

gainful activity (SGA) since his alleged onset date.   Tr. 383. That finding is not at issue before this court.

Defendant's motion for remand is denied.   Judge Hogan previously found plaintiff disabled, and the ALJ determined that neither drug nor alcohol abuse was "material" to that finding. There are no legal issues remaining before this court. Therefore, the ALJ's decision finding plaintiff not disabled is reversed and remanded for payment of benefits.

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence.   Therefore, this case is reversed and remanded for payment of benefits.   This case is dismissed.

IT IS SO ORDERED.

Dated this  day of June 2010.



Ann Aiken
United States District Judge

7   - OPINION AND ORDER